IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SALVATORE BROES, III, | ) |
| | ) |
|    Plaintiff, | ) |
| vs. | ) CASE NO.: |
| | ) |
| LEE DARRAUGH, DISTRICT ATTORNEY, | ) |
| ROBERT T. GARDNER, | ) |
| ASSISTANT DISTRICT ATTORNEY, | ) |
| AARON BOYCE, DEPUTY SHERIFF, | ) |
| JENNIFER WRIGHT, LIEUTENANT, | ) |
| ALEISHA RUCKER-WRIGHT, DIRECTOR | ) |
| SERGEANT CHARLES HAMRICK, | ) |
| SERGEANT CHRIS MURPHY, | ) |
| DAWSON COUNTY, GEORGIA, | ) |
| SHELLY BROES, | ) |
| | ) |
|    Defendants. | ) |

# COMPLAINT

Plaintiff sues the Defendants as follows:

1. Plaintiff is a decorated combat veteran and a retired E-6 Master Sergeant in the U.S. Army, who served as a Demolition Team Leader in Operation Iraqi Freedom and an agent of the Department of Defense with the 4th Weapons of Mass Destruction/Civil Support Team.

2. Plaintiff served in Korea, the United States, Europe, Iraq, and Afghanistan and has worked with a variety of federal agencies such as FBI, GBI, GEMA, DOE/OST, DNR, Coast Guard, local Police and Fire Fighters.

3. Plaintiff also served as a Contractor deployed to Iraq and Afghanistan; Base Defensive Operations, Offensive Operations, Convoy Security, Personal Protection, who has worked with foreign nationals ranging from Uganda to Afghanistan.

1

4. After his retirement from the military, Plaintiff opened a private security firm, offering personal protection and security services, whose clientele demand discretion and only engage with those with unblemished military and civilian records, of unimpeachable character.

5. Defendants Darragh and Gardner are the District Attorney and Assistant District Attorney of Dawson County Georgia while Defendants Wright, Rucker-Wright, Boyce, Hamrick and Murphy are Dawson County law enforcement officers while Broes is an individual resident.

6. The Defendants are named in their official and/or individual capacities.

7. Defendant Dawson is a Georgia body corporate, a subdivision of Georgia.

8. Per 28 U.S.C. §1331 and 1343, federal jurisdiction exists under 42 U.S.C. §1983 *et seq.* [the Civil Rights Act] and Fourth, Fifth and Fourteen Amendments of the Constitution, as Plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; caused by the Defendants, acting under color of state law. ***Flagg v. Brooks***, 436 U.S. 155-57, (1978). Per § 1367, jurisdiction exists on all claims.

9. Personal jurisdiction exists and is proper per O.C.G.A. § 9-10-91 and/or the Constitution as Defendants reside in and/or conduct business in Georgia.

10. Under 28 U.S.C. § 1391 and § 90, venue is proper as the Defendants reside in this District, where a substantial part of the events or omissions giving rise to the claims occurred.

11. Plaintiff and Defendant Broes were formerly married and since divorced.

12. On or about 3/6/17, Plaintiff was helping Broes remove her belongings from their former marital home, located in Dawson County, in which Plaintiff would continue residing.

13. Defendant Broes handed her mobile phone to Plaintiff so he could text himself a list of the belongings she could keep when she went outside to load her belongings in her vehicle.

14. Plaintiff then viewed the phone discovering a videotape of Defendant Broes engaged in intimate, sexual acts with various individuals.

15. Defendant Broes saw Plaintiff viewing her phone, kicked in the door to the house, damaging it, and assaulted him.

16. Broes called the police, falsely claiming Plaintiff assaulted and damaged her phone.

17. Three deputies, Deputy Lowry, Deputy Jay Crawford and a third deputy appeared on the scene, questioned Plaintiff and Broes and departed.

18. Several days later, Broes met with and was interviewed by Patrick Apoian, an investigator with the sheriff's office, who recorded and/or videotaped the interview.

19. Apoian had started working for the Sherriff's office as a criminal investigator in January 2017 after 14 years of criminal investigative experience with Atlanta Police Department.

20. Apoian was the most experienced investigator working with Defendant Dawson.

21. Defendant Broes claimed to Apoian that her neck was red from the alleged assault but Apoian determined the redness was from a tanning bed.

22. Apoian determined that Defendant Broes was not a credible witness.

23. On or about 3/14/17, Apoian spoke with Plaintiff to investigate the alleged crimes.

24. Apoian interviewed Plaintiff and confirmed his version of the events.

25. Apoian spoke with Lowry and/or Crawford who concluded Plaintiff had not committed a crime and Broes could be charged with criminal trespass and assault against Plaintiff.

26. Apoian concluded from his investigation that Plaintiff had not committed a crime for which there was no probable cause to obtain warrants and arrest Plaintiff for the alleged crimes.

27. Apoian, Crawford, Lowry and the other deputy established from their investigation there were no facts and circumstances within the knowledge of the Dawson Sheriff's Department

sufficient to warrant a reasonable belief that Plaintiff had committed or was committing a crime.

28. Apoian told Plaintiff that Apoian would not execute any arrest warrants as to him.

29. Apoian did not find any evidence of probable cause to charge Plaintiff with a crime per the incident on 3/6/7 and declined to file criminal charges.

30. Apoian declined to file criminal charges against Plaintiff per the lack of probable cause of a crime resulting from the incident on 3/6/17.

31. Apoian was supported in his decision not to charge Plaintiff by Crawford, Lowery and the other deputy.

32. Crawford again mentioned his views on the lack of the validity of the charges to Apoian during a domestic violence class conducted by the Sherriff's department.

33. Prior to and during this time, Apoian was instructed by two of his superiors, Captain Thurmand Atkinson and Lieutenant Jennifer Wright to prosecute as many domestic criminal charges as possible to generate federal grant monies for their domestic violence program.

34. Broes is friends with Wright and/or Rucker-Wright, who did not disclose that personal relationship and conflict of interest to Apoian.

35. Wright was unqualified as a law officer, lacking substantive supervisory training.

36. Wright was hired by Dawson in 2001, oddly as a sergeant instead of as a deputy as normally done with law enforcement officers.

37. Wright's wife, is Defendant Aleisha Rucker-Wright, the 911 Director of Dawson

38. Defendant Rucker-Wright has access to the records of all criminal cases and handles criminal expungements.

39. On 2/29/16, Wright and Investigator Travis Greene was reprimanded by Dawson Superior Court Judge Jason Deal for their questionable arrest of Wendi Lee Howard in Deal's

courtroom for alleged perjury after Howard stated she overheard a conversation between an elderly man and a juror as she entered the courthouse, where the man told the juror to find a criminal defendant guilty.

40. Judge Deal ordered Howard's immediate release and he admonished Wright and Green for their misconduct as follows:

> "That's not how our system works. We don't arrest somebody just because they have a different version than we have, without evidence," Deal said. "<u>My concern is that what happened today has chilled the ability for anyone to feel like they can come forward to share any information</u>."

41. On 10/22/16, Wright was inexplicably promoted to a lieutenant by Dawson as a transfer but was then demoted to back to sergeant on 2/26/18, apparently due to her incompetence and/or corrupt self-serving actions which were a custom and/or practice of Dawson.

42. Wright had considerable influence, power and control over the law enforcement operations of Defendant Dawson from 2017-2018 to whom law enforcement personnel deferred, a situation unchecked by Dawson.

43. Apoian's superiors, including Wright, wanted charges filed and Plaintiff baselessly prosecuted so Dawson would receive federal grant monies for its domestic violence program.

44. Dawson has an official practice and/or policy of prosecuting perjured criminal warrants, unsupported by probable cause to obtain federal grant monies for its domestic program.

45. Defendant Rucker-Wright could access and/or alter Apoian's computer notes as to Plaintiff's criminal case or any other case, who also handles criminal expungements.

46. Apoian declined to file criminal charges against Plaintiff with 3 other officers per the lack of probable cause and closed the case.

47. Upon information, Rucker-Wright altered Apoian's notes as to his investigation into the 3/6/17 incident, making them appear that probable cause existed to arrest Plaintiff and/or the

case was still open, another official practice and/or policy of Dawson.

48. During this time, Apoian was being subjected to workplace harassment by Wright whose was resentful of Apoian's close working relationship with the Sheriff.

49. Wright sought to silence Apoian's dissent with her misconduct as to Plaintiff just as she sought to silence Howard in the courtroom incident in 2016 involving the juror misconduct.

50. Apoian filed a complaint of hostile work environment and was then transferred by the sheriff's office from the investigative division to the patrol division.

51. Defendants, led by Wright, placed Defendant Boyce, an inexperienced officer from the prison in Apoian's position

52. Defendants, led by Wright, immediately assigned the closed case against Plaintiff as Boyce's first case to ensure it would be reopened in order to maliciously prosecute Plaintiff.

53. The Defendants had knowledge that Apoinan, Crawford, Lowry and the other deputy had determined there was no probable cause to charge Plaintiff with any crimes resulting from the 3/6/17 incident.

54. On 4/8/17, Dawson made Boyce an investigator who lacked domestic violence training until 11/8/17 per the Georgia Peace Officers and Standards Training Council. [POST]

55. Essentially Boyce had no training and/or experience in investigative work at the time of Plaintiff's arrest, as Boyce had previously taken only a few online courses, which were useless for such training and/or experience and essentially a scam.

56. Boyce was unqualified to investigate and/or crimes such as those alleged against Plaintiff at the time of Plaintiff's arrest.

57. Dawson's Facebook page as of 11/5/18 states as follows:



58. Boyce was selected by Dawson to rubber-stamp the false charges against Plaintiff.

59. Defendants inexplicably ignored the recommendations of Apoian, Crawford, Lowry and the other officer as to the absence of probable cause against Plaintiff.

60. Apoian believed the Defendants selected Boyce to reopen and handle the closed case against Plaintiff as Boyce could be easily manipulated, namely by Wright and as Wright's wife could have manipulated the records so the closed case against Plaintiff appeared still open.

61. Boyce obtained warrants for Plaintiff's arrest on 5/8/17, per the below Magistrate Court Warrants.

    (a) 2017MW374F: Domestic Violence/Assault

    (b) 2017MW444M: Theft By Taking

    (c) 2017MW445M: Prohibition on Nude or Sexually Explicit Electronic Transmissions

    (d) 2017MW446F: Computer Trespass

    (e) 2017-SW-0022: Search Warrant for Aggravated Assault, falsely sworn by Boyce.

62. On 5/8/17, Plaintiff was arrested by Defendant Boyce, accompanied by Defendants Hamrick and Murphy.

63. There was no probable cause for the Defendants to obtain warrants and arrest Plaintiff for the alleged crimes as Apoian, Crawford, Lowry and the other deputy previously

established there were no facts and circumstances sufficient to warrant a reasonable belief that Plaintiff had committed or was committing a crime per the events of 3/6/17.

64. The Defendants had knowledge that their arrest warrants lacked probable cause and were based upon the malicious intent to wrongfully prosecute Plaintiff.

65. Apoian then learned of Plaintiff's arrest after being transferred to patrol, about which he was disgusted, anticipating that he would be called as a witness to exonerate Plaintiff.

66. The Defendants never called Apoian regarding the case against Plaintiff.

67. Apoian repeatedly expressed his concerns to the District Attorney's office that his notes in Plaintiff's criminal case and other cases were altered, such as by Defendant Rucker-Wright.

68. Apoian then resigned from Dawson in August 2017.

69. Since August 2017, Defendants subpoenaed Apoian testify in criminal cases upon which he formerly worked, despite his repeated warnings that his case records were altered after his demotion and/or resignation.

70. Defendants have repeatedly harassed Apoian with the meritless subpoenas since his resignation as their retaliation for his unwillingness to cooperate with their corrupt, unlawful practices, threatening to report him to the GBI if he did not honor their subpoenas.

71. Hamrick has since been indicted for having sex with confidential informants.

72. Defendants have an established official pattern and practice of corruption and illegal conduct, including illegal search, seizure, arrest, detention and false criminal charges against persons, without any legal basis, in deliberate violation of the Constitution, such as Plaintiff.

73. Plaintiff was arrested based upon arrest affidavits which included recklessly or deliberately false statements precluding a finding of probable cause.

74. Plaintiff was illegally incarcerated in the prison of the Defendants due solely to

the false statements and other illegal misconduct of the police.

75. Plaintiff was illegally and wrongfully incarcerated in the jail of the Defendants.

76. On 5/8/17, Plaintiff's charges were bound over to Dawson Superior Court Case No: 2018-CR-0057. [The Case]

77. Plaintiff retained criminal defense counsel who defended the case, during which Plaintiff was incarcerated.

78. On 9/27/17, the Defendants dismissed the charge as to Electronic Transmissions, for which they admitted there was no probable cause.

79. On 12/18/17, Defendant Broes executed an affidavit, admitting she had falsely testified against Plaintiff with the crimes, of which the Defendants had knowledge.

80. On 1/26/18, Defendants dismissed the false Case whose misconduct was exposed.

81. The Defendants conspired to commit their misconduct and/or produce the above results, which they committed as each other's agent.

82. The Defendants have knowledge of, consented to and ratified and are liable for each other's misconduct.

83. Defendants refused to expunge the false charges against Plaintiff per the influence of Wright, Rucker-Wright and the District Attorney, who desired to conceal their misconduct.

84. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: VIOLATION OF FOURTH AMENDMENT AND RELATED RELIEF AGAINST ALL DEFENDANTS

85. ¶ 1-84 are incorporated.

86. The Defendants maliciously arrested Plaintiff without probable cause, based upon perjured statements, in violation of the Fourth Amendment to the Constitution and/or Georgia law, who intentionally falsified the reason(s) for the arrest as part of their practice and/or policy.

87. The Defendants maliciously prosecuted the Case against Plaintiff with knowledge of the lack of probable cause to arrest him, absent evidence to support the arrests, charges, indictments or a guilty verdict, with the intent to harm the Plaintiffs.

88. The misconduct of the Defendants was intentional and/or reckless; extreme and outrageous; directed at Plaintiff negligently, willfully, wantonly and/or intentionally, with the high probability of harming them.

89. The above misconduct of the Defendants actually and/or proximately caused Plaintiff to suffer severe emotional distress, pain, suffering, mental anguish, humiliation, loss of enjoyment, embarrassment, damage to reputation and loss of income.

90. Under 42 U.S.C. §1983 *et seq* and applicable law, Plaintiff demands judgment against the Defendants for misconduct including compensatory, consequential, special, nominal, punitive/exemplary damages, attorney's fees, interest, costs and other just relief.

## COUNT II: MALICIOUS PROSECUTION AND RELATED RELIEF AS TO ALL DEFENDANTS

91.     ¶ 1-84 and ¶ 90 are incorporated.

92.     Defendants intentionally and/or maliciously arrested Plaintiff without warrants, absent probable cause in violation of the Fourth Amendment to the Constitution, who intentionally falsified and/or omitted the actual, baseless reason(s) for the arrest(s) in the subsequent warrants, as part of their practice and/or policy.

93.     Defendants illegally charged, detained, indicted and prosecuted Plaintiff in the Case for crimes without legal evidence, based upon perjured testimony, absent probable cause.

94.     The Defendants maliciously prosecuted the Case against the Plaintiffs with knowledge of the lack of probable cause to arrest him, absent evidence to support the arrest, charges, indictments or a guilty verdict, with the intent to harm the Plaintiff.

95.     The Defendants terminated the Case in favor of the Plaintiff with knowledge of the Case lacked a legal basis.

96.     The above misconduct of the Defendants was intentional and/or reckless; extreme and outrageous; directed at Plaintiff negligently, willfully, wantonly and/or intentionally, with the high probability of harming him.

97.     The misconduct of the Defendants actually and/or proximately caused Plaintiff to suffer severe emotional distress, pain, suffering, mental anguish, humiliation, loss of enjoyment, illegal confinement, loss of civil rights, embarrassment, damage to reputation, loss of income, loss of personal property and loss of monies to retain defense counsel.

98.     Under 42 U.S.C. §1983 *et seq* and applicable law, Plaintiff demands judgment against the Defendants for their malicious prosecution including compensatory, consequential, special, nominal, punitive/exemplary damages, attorney's fees, interest, costs and just relief.

## COUNT III: ATTORNEY'S FEES AND COSTS AGAINST THE DEFENDANTS

99. ¶ 1-84, ¶ 90 and ¶ 98 are incorporated by reference.

100. O.C.G.A. § 13-6-11 states as follows:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

101. The Defendants acted in bad faith by failing to comply with their legal duties owed to Plaintiff, causing the above misconduct and his resulting injuries.

102. The Defendants were stubbornly litigious as there was no bona-fide dispute as to their liability to Plaintiff, causing Plaintiff unnecessary trouble and expense to bring this action.

103. The Defendants acted in bad faith and were stubbornly litigious by refusing too remedy and engaging in their tortuous misconduct.

104. Under O.C.G.A. § 13-6-11 *et seq* and applicable law, Plaintiff demands judgment against the Defendants for his attorney's fees, costs and all other just relief.

105. The Defendants are not minors, not adjudged incompetent, have not been in the military for the last 30 days and are not subject to protection per 50 U.S.C. §3901 *et seq.*

Respectfully submitted this 5th day of May, 2019.

LAW OFFICES OF MATTHEW C. HINES, LLC

By:  */s/ Paul G. Wersant*
Georgia Bar No.: 356082
Paul G. Wersant

1900 The Exchange, SE, Building 500   Georgia Bar No. 748341
Atlanta, Georgia 30339,   Email: Paul@hineslaw.org
Phone: (770) 941-0913   Attorneys for Plaintiff